term, as he finds most beneficial for the creditors, and may take a reasonable time to decide the question. If he takes the lease he makes himself liable, on behalf of the estate, for the rent, including at least that of the current quarter, and this he must consider in determining whether to adopt the lease. The petitioners would have done more wisely, perhaps, to insist on this at the time, but I see no ground for saying they have waived any of their rights. In theory of law, the assignees have been in possession ever since the petition was filed, and not only from the date of the adjudication, which is merely a finding that the petition is well founded. If the quarter-day had come round pending the petition, the bankrupt would have been authorized, if he found it necessary for the best interests of his creditors, to pay the rent in order to save an ejectment. I have more than once permitted this to be done. And the assignees, by the course they have taken, affirm this to be a case in which such a course was prudent and proper.

The only reported case which I have seen is very short, and gives no reasons or arguments, but the decision agrees with my opinion. There the assignees were required to pay rent from the date of the petition. In re Merrifield [Case No. 9,465]. I do not know that any question was raised in that case, to distinguish the date of the petition from that of the adjudication; but if an assignee is to pay only for his own occupancy, he must be charged from the date of the assignment. There is no argument which will make him liable from the adjudication that does not apply to the date of the petition, which is the true beginning of the proceedings, and the controlling date in all these matters. Petition granted.

## Case No. 4,705.

FAXON et al. v. DYSON'S ADM'RS.

[1 Cranch, C. C. 441.] [1]

Circuit Court, District of Columbia. July Term, 1807.

Mr. Youngs, for defendants,

[1] [Reported by Hon. William Cranch, Chief Judge.]

E. J. Lee, for plaintiffs

Demurrer overruled. Judgment for the plaintiffs, de bonis testatoris.

## Case No. 4,706.

FAXON v. RUSSELL.

[See 154 U. S. 644, 14 Sup. Ct. 1201.]

## Case No. 4,707.

FAXON v. RUSSELL.

[22 Int. Rev. Rec. 375.]

Circuit Court, D. Massachusetts. Sept. 6, 1876.

C. L. Woodbury and F. W. Hurd, for plaintiffs.

G. P. Sanger, Dist. Atty., and P. Cummings, Asst. Dist. Atty., for defendant.

LOWELL, District Judge. By the agreed facts signed and filed in the case it appears that the plaintiffs, in the autumn of 1873, made several importations from Liverpool into the port of Boston, of a certain cloth, variously styled in the invoices as "Union Gusset," "Union Webb," and "Union Elastic Webb." It was intended to be used for making the gores or gussets of congress boots; and was a manufacture of india rubber, silk and cotton, and was webbing. The collector assessed upon this merchandise a duty of fifty per cent. ad valorem, under section 8 of the act of July 14, 1862 (12 Stat. 552), as a manufacture of india rubber, silk, and other materials. The plaintiffs claimed: 1st. That it should be assessed under section 13 of the same act (12 Stat. 556), which imposes a duty of 30 per cent. on "braces, suspenders, webbing, or other fabrics composed wholly or in part of india rubber, not otherwise provided for;" and, 2d. That this tax should be reduced under section 2 of the act of June, 1872 (17 Stat. 232), which makes a reduction of 10 per cent. on "all manufactures of india rubber, gutta percha, or straw,